## No. 2424.—HENRY WEBER v. LOUIS FROST et. al.

An injunction granted on the allegation of nullity of the judgment on which execution issued, will be dissolved, with damages, if the action of nullity is barred by prescription

The dismissal of the appeal on the ground that the judgment of the lower court was not signed by the judge will not interrupt the prescription of the action of nullity.

The constitutional provision requiring all process to issue in the name of the State of Louisiana, is sufficiently complied with, if the citation is headed "State of Louisiana."

APPEAL from the Fourth District Court, of New Orleans. *Théard, J. R. King Cutler*, for plaintiff and appellant. *Hyman, Wallace & Handlin*, for defendants and appellees.

TALIAFERRO, J. Frost, having obtained a judgment, *in solido*, for $1250, against Fox and his surety, Weber, for having illegally sequestered his property, and thereby caused him annoyance and injury, issued execution. Weber enjoined the writ, and in his petition for injunction prays that the judgment under which the execution issued

be declared null and without effect. The defendant in injunction and appellee, filed a peremptory exception, averring that more than one year has elapsed since the judgment complained of became final; that it has become *res judicata*, and that no action will now lie to annul.

The court below sustained the exception, and dissolved the injunction without damages. The plaintiff in injunction has appealed. The appellee prays that the judgment be amended by allowing him twenty per cent. damages, two hundred and fifty dollars, and ten per cent. interest on the amount of the judgment enjoined. It is proper here to remark that the judgment now sought to be annulled, was before this court in April, 1869, on appeal, when the appeal was dismissed, on the ground that the judgment of the lower court was not signed by the judge.

One of the grounds for annulling is, that there was no action of this court on the merits of the case; that, as the appeal was dismissed on merely technical ground, the action of nullity would be prescribed only after the expiration of one year from the dismissal of the appeal.

We see little force in this position. The record of the suit appealed from is before us as evidence in the present case. It shows that the judgment was rendered on the tenth of June, 1867, and that it was signed on the seventeenth of that month by the judge. The inference then, is strong that the non-appearance of the judge's signature to the judgment, as shown in the transcript of appeal brought to this court in April, 1869, was owing to a clerical omission.

The plaintiff alleges that there was no citation of parties in that case, pointing out, that by a provision of the State constitution, all process is required to issue in the name of "The State of Louisiana," and contending that the citations in question are null, as the style used is "State of Louisiana." The constitutional requirement, we understand to be is, that process shall be issued in the name of the State, and if the style of the process is indispensable in citations, a point which it is here unnecessary to determine, the words "State of Louisiana," without the definite article "the," are sufficiently clear to indicate the authority from which the process emanates. 3 M. 720.

The plaintiff fails to set out intelligently and distinctly any thing illegal or fraudulent touching the merits of the controversy resulting in the judgment he seeks to annul, and we discover nothing of that kind from an inspection of the record. We thence conclude that the exception taken by the defendant was properly sustained.

It is therefore ordered, adjudged and decreed that the judgment of the district court be amended so as to award the defendants in injunction one hundred dollars as damages, and, as thus amended, that the judgment be affirmed, with costs.

Rehearing refused.